UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ANITA BENAVIDES, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:13-CV-00084 |
| § | |
| SUN LOAN PARTNERSHIP #3, LTD.; § | |
| dba SUN LOAN COMPANY, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ON MOTION TO REMAND

Before the Court is "Plaintiffs' Motion to Remand & Motion for Attorney Fees & Costs" (D.E. 8). Plaintiffs have filed suit regarding Defendants' lending and collection activities, including a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq*. Defendants removed the action to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. Plaintiffs seek a remand based on Defendants' alleged violation of applicable removal procedures under 28 U.S.C. § 1446. For the reasons set out below, Plaintiffs' Motion (D.E. 8) is GRANTED IN PART with respect to the request to remand and DENIED IN PART with respect to the request for attorney's fees and costs.

### FACTS

There is no dispute that this case involves federal questions under the RICO statute. The issue is whether the Defendants complied with the 30-day time period for removing this action. Because the removing Defendant was ostensibly added well after the action was originally filed and because the removal statute was amended while the

case was pending, the question of timeliness requires sorting out complex procedural facts and the federal application of state law regarding when an action is commenced. The following timeline of critical events will assist this decision:

| | |
|---|---|
| Oct. 29, 2010 | **This action is filed in Jim Wells County, Texas against MTLB, Inc. d/b/a Sun Loan Company[1] alleging only state law causes of action**. D.E. 2-1. Plaintiffs had researched the "Sun Loan Company" d/b/a and no records were found at the county level and only MTLB, Inc. was revealed at the state level. D.E. 8-1, p. 8. That filing covers "all counties." D.E. 8-6, p. 21. |
| May, 2011 | Sun Loan Partnership #3, Ltd. (SLP#3) files an assumed name certificate for the d/b/a "Sun Loan Company" in Jim Wells County, covering the branch at issue in this case. D.E. 8-1, pp. 9-10, 13; 8-6, p. 22. |
| **Jul. 18, 2011** | **"Sun Loan Company" files its counterclaim, as the owner of the subject indebtedness, seeking to recover the outstanding balance of the amounts owed on the note**. D.E. 2-4, 2-5. |
| Dec. 07, 2011 | **The Federal Courts Jurisdiction and Venue Clarification Act of 2011 (FCJVCA) is signed, applying to all actions "commenced" in state court on or after January 6, 2012.** |
| Jan. 10, 2012 | Plaintiffs serve their Second Amended Complaint against MTLB, Inc., joining Defendants Brundage, Brundage Family Management Co., and Doherty. **The Complaint adds federal claims for the first time.** D.E. 2-9, pp. 1, 64-68. |
| Feb. 13, 2012 | **EXPIRATION OF 30 DAYS TO REMOVE FOR EXISTING PARTIES BASED UPON PLAINTIFFS' NEW FEDERAL CLAIMS**. D.E. 2-9, p. 69.[2] |

---

[1]  Due to the similarity of names, the Court uses "Sun Loan Company" when referring to the assumed name used by multiple separate business entities. When referring to Sun Loan Company, Inc., the Court uses "SLC."

[2]  Pursuant to Tex. R. Civ. P. 21a and Fed. R. Civ. P. 5(b)(2)(C) and 6(d), service is complete upon mailing, but three days are added to the date to respond.

| | |
|---|---|
| Feb. 25 & 27, 2012 | Defendants Brundage and Brundage Family Management Co., respectively, are served with the Second Amended Complaint.  D.E. 3-1, -2. |
| Mar. 16, 2012 | Defendants Brundage, Brundage Family Management Co., and Doherty file Answers.  D.E. 3-3, -4, -5. |
| Mar. 28, 2012 | **EXPIRATION OF 30 DAYS FROM SERVICE OF THE LATEST BRUNDAGE DEFENDANT.** |
| May 11, 2012 | Defendants file disclosures showing that MTLB, Inc. is improperly named as a Defendant and that the true parties in interest are SLP#3 and Sun Loan Co., Inc. (SLC).  D.E. 4-1. |
| Sep. 19, 2012 | Defendants file amended disclosures emphasizing that "Sun Loan Partnership #3, Ltd. is the only proper Defendant, but has not been named."  D.E. 4-1, p. 34. |
| Sep. 20, 2012 | "Sun Loan Company" withdraws its counter-petition on the debt.  D.E. 3-11. |
| Nov. 15, 2012 | Defendants move to abate based on Plaintiffs' failure to join SLP#3 as a Defendant.  D.E. 4-1. |
| Jan. 10, 2013 | Counsel appear for hearing on motions and Mr. Caldwell represents that he is authorized, and agrees, to accept service and answer on behalf of SLP#3.  D.E. 9-1, pp. 14-15. |
| Feb. 08, 2013 | Jim Wells Court orders abatement and orders Plaintiffs to join SLP#3 within 14 days.  D.E. 4-4. |
| Feb. 21, 2013 | Plaintiffs file their Third Amended Complaint adding SLP#3 and SLC as Defendants and dropping MTLB, Inc.  D.E. 5-1. Plaintiffs place the Third Amended Complaint in the U.S. Mail for delivery to Mr. Caldwell. |
| Feb. 26, 2013 | Pursuant to a Tex. R. Civ. P. Rule 11 agreement, Mr. Caldwell acknowledges receipt of the Third Amended Complaint on February 25, 2013 and agrees to accept service on behalf of SLP#3 and SLC.  D.E. 5-4. |
| Mar. 18, 2013 | Defendants SLP#3 and SLC file their Original Answer.  D.E. 5-5. |
| Mar. 25, 2013 | **EXPIRATION OF 30 DAYS UNDER "LAST-SERVED** |

|  |  |
|---|---|
|  | **DEFENDANT RULE" if measured from February 21, 2013.** |
| Mar. 26, 2013 | Defendants SLP#3 and SLC remove this action to this Court. D.E. 1.  Defendants Brundage, Brundage Management Co., Inc., and Doherty consent to removal.  D.E. 6. |
| Mar. 27, 2013 | **EXPIRATION OF 30 DAYS UNDER "LAST-SERVED DEFENDANT RULE" if measured from February 25, 2013, the date the complaint was received.** |

## APPLICABLE LAW

### A. The Strict Standard of Review.

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Maguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*. The strict construction rule arises because of "significant federalism concerns" and applies to the procedural requirements of the statute, including the 30-day time period for the defendant to effectuate removal.  *See generally*, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) (federalism); *Dougherty v. Petco Southwest, Inc.*, No. 4:10–CV–0133, 2010 WL 2231996, *3 (S.D. Tex. May 28, 2010) (attention to procedural requirements).

### B. The Change of Law from "First-Served Defendant" to "Last-Served Defendant" Rule.

With respect to the right to remove, the Fifth Circuit originally subscribed to the "first-served defendant" rule—a minority view—in which the 30-day time period for removal began when the first defendant that had an opportunity to remove could remove.

*E.g., Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 n.15 (5th Cir. 2003).  Under that rule, later-served defendants were deprived of the opportunity to remove the case because of the earlier-served defendant's waiver and the "rule of unanimity."  *Id*.  In late 2011, Congress adopted the "last-served defendant" rule in its "clarification" act.  Pub. L. No. 112-63, 125 Stat. 758 (2011).  Under the FCJVCA, each defendant in a case has an opportunity to remove based upon the triggering acts applicable to that defendant without regard to how any other defendant previously responded to any other triggering facts—so long as the other defendants provide any necessary consents.  28 U.S.C. § 1446(b)(2)(B).

This change from the first-served to the last-served defendant rule was made effective on January 6, 2012 as to any action "commenced" on or after that date.  Pub. L. No. 112-63. § 205, 125 Stat. 758, 764-65 (2011), 28 USCA § 1390 Note.  The crucial question is, then:  when was this action, which was filed and pending before the effective date of the FCJVCA, "commenced" as to SLP#3 and SLC?

**C.  "Commencement" of an Action:  *Noland* versus *Werner*.**

Plaintiffs contend that an action is "commenced" under Texas law when it is filed and is not "recommenced" when new parties are added, citing *S&P Consulting Engineers, PLLC v. Baker*, 334 S.W.3d 390, 394-98 (Tex. App.—Austin 2011, no pet.) (*en banc*).  This holding was adopted by *Noland v. Energy Resources Technology, Inc.*, No. 3:12-CV-00330, 2013 WL 177446 (S.D. Tex. Jan. 16, 2013) (Costa, J.) in a case that applied the subject statute—FCJCVA—and its enabling language.

A different analysis was used in a case upon which Defendants rely:  *Werner v. KPMG LLP*, 415 F.Supp.2d 688 (S.D. Tex. 2006) (Rosenthal, J.), applying the Class

Action Fairness Act—CAFA—and its similar, but not identical, enabling language. Both *Noland* and *Werner* were written by esteemed federal district courts faced with determining whether the actions that had been removed from state court were removable under amendments to federal statutes that became effective during the pendency of the state court action. In both cases, plaintiffs made new claims against parties that made them "new defendants" after the statutory amendment's effective date. Both cases recognize that, under Tex. R. Civ. P. 22, "A civil suit in the district or county court shall be *commenced* by a petition filed in the office of the clerk." (emphasis added). Both courts ultimately remanded their respective cases, but for different reasons.

The enabling provision for CAFA, at issue in *Werner*, is simply that the amendments:

> shall apply to any civil action commenced on or after the date of enactment of this Act.

Pub. L. No. 109-2, § 9, 119 Stat. 4 (2005), 28 U.S.C. § 1332 Note. The enabling provision for the FCJVCA, at issue here and in *Noland*, reads that it applies to any case removed from state court

> that had been commenced, *within the meaning of State law*, on or after such effective date.

Pub. L. No. 112-63, § 205, 125 Stat. 758, 764-65 (2011), 28 U.S.C. § 1390 Note (emphasis added). Other than non-substantive grammatical differences, these enabling statutes vary only in that the FCJVCA expressly states that the determination of when a case "commences" is made pursuant to state law. Both the *Werner* court and the *Noland*

court analyzed the meaning of when a case "commenced" using Texas law.[3]  *Werner, supra* at 701-02; *Noland, supra* at *2-4.

The Fifth Circuit has held that the determination of the "commencement" of an action under the CAFA enabling statute is governed by state law. *Braud v. Transport Service Co. of Illinois*, 445 F.3d 801 (5th Cir. 2006).  Thus there is no appreciable difference between the CAFA and FCJVCA enabling statutes—they both require a determination of the question, "when a pending matter is 'commenced' for purposes of amended pleadings" using state law.

In *Werner*, the district court considered a number of federal circuit opinions that focused on "relation-back" principles used in evaluating limitations issues.  Citing the Supreme Court of Texas, the *Werner* opinion states, "Under Texas law, 'ordinarily, an amended pleading adding a new party does not relate back to the original pleading.' " *Werner*, 415 F. Supp. 2d at 702 (quoting *Alexander v. Turtur & Assocs.*, 146 S.W.3d 113, 121 (Tex. 2004)).

Ultimately, however, the *Werner* court remanded the case because the removing parties were already involved in the case before the CAFA statutory amendment.  They had been named as "responsible third parties" and had become intervenors and "parties" by filing claims directly against the plaintiffs or cross-claims for contribution. *Werner, supra* at 704-09.  So when the plaintiffs amended their pleading to assert claims directly against the removing parties for the first time after the CAFA amendment, those claims

---

[3] While the *Werner* court also looked at federal law, its reasoning reflects no relevant conflict in the respective approaches of Texas and federal law.

related-back to the pre-CAFA pleadings that established that the "new defendants" were also "old parties."

The Fifth Circuit has cited *Werner* with approval. *Braud, supra* at 804 n.7. Defendants urge that the *Werner* relation-back reasoning still applies and is dispositive in this case. They assert that, because they had not become any sort of "parties" to this action pre-FCJCVA, there is no "party" status for the post-FCJVCA claims against them to relate-back to. The case was then "commenced" as to them post-FCJVCA as the amended pleading stated new claims against new defendants under Texas law.

When the *Noland* court approached the question with respect to FCJVCA nearly seven years later, it did not consider the relation-back theory, *Alexander*, or the *Werner* opinion. It did require the parties to brief the *Braud* case, but then distinguished it as adjudicating the question under Louisiana law and holding that Texas law was different, citing the *en banc* intermediate appellate decision in *S&P*.

The Austin Court of Appeals in *S&P* was faced with somewhat different enabling language regarding the Certificate of Merit statute that applies in construction cases. The amendment applied:

> only to an action or arbitration ***filed or commenced*** on or after the effective date of this act. An action or arbitration ***filed or commenced*** before the effective date of this Act is governed by the law in effect immediately before the effective date of this Act, and that law is continued in effect for that purpose.

Act of May 29, 2009, 81st Leg., R.S. Ch. 789, § 3, 2009 Tex. Gen. Laws 1991, 1992 (emphasis added). The five-justice majority held, "[A]n action commences when the

original petition is filed.  For this purpose, the action does not recommence with the filing of an amended petition even if that petition names a new defendant for the first time." *S&P, supra* at 397.  The dissenting justice pointed out that this holding was a departure from that court's own precedent, *Hayes v. Carroll*, 314 S.W.3d 494, 499-501 (Tex. App.—Austin 2010, pet. denied).  *S&P, supra* at 405-06 (Henson, J., dissenting).

Given that the Supreme Court of Texas issued *Alexander*, holding that amendments adding new defendants do not relate back to earlier pleadings, this Court disagrees with the *Noland* court.  This Court, in reliance on *Alexander*, *Werner*, and *Braud*, holds that suit is "commenced" at the time the original pleading is first filed in a court of competent jurisdiction unless there are special circumstances that prevent the relation-back, such as the addition of a new party.  Under those circumstances, the new pleading commences a new action as to that new defendant.  *Braud, supra* at 805.

### APPLICATION OF THE LAW TO THE FACTS:
### The Last-Served Defendant and Relation-Back

#### A. "New Defendants" Are "Old Parties."

SLP#3 and SLC were ostensibly added as new Defendants when the Plaintiffs amended their pleading post-FCJVCA.  The amendments to removal procedures represented by the FCJVCA should, then, apply to Defendants SLP#3 and SLC.  The last-served defendant rule would govern this case by statute and Defendants SLP#3 and SLC would have the power to remove this case.

However, as in *Werner*, the inquiry does not end there.  The fact that they were "new defendants" does not necessarily mean that they were "new parties."  There is no

question that SLP#3, through its general partner SLC, operated under the assumed name, "Sun Loan Company."  D.E. 5-1, pp. 2-3; 8-1, pp. 9-10, 13; 8-6, p. 22.  In Texas, an entity may sue or be sued in its assumed name.  Tex. R. Civ. P. 28.  When "Sun Loan Company" filed its counter-petitions (in which it did not purport to act as MTLB, Inc. and did purport to act as owner of the subject debt), if not before,[4] the legal entities operating under that assumed name and owners of the subject debt became parties to the suit.  *Werner, supra* at 704; Tex. R. Civ. P. 60.  *See also, Matsushita Elec. Corp. of America v. McAllen Copy Data, Inc.*, 815 S.W.2d 850, 853 (Tex. App.–Corpus Christi 1991, writ denied) (a corporation may appear by assumed name, including the name of a division of the corporation).  The counter-petition was filed July 18, 2011, prior to the effective date of the FCJVCA and prior to the date on which the case became removable. D.E. 2-4, 2-5.  Thus, the time period for removal expired as to SLP#3 and SLC on February 13, 2012—30 days after the Plaintiffs amended their complaint to add federal questions, making the case removable for the first time.

"Sun Loan Company" withdrew its counterclaim on September 20, 2012, prior to the Defendants' filing of their motion to abate seeking to force Plaintiffs to add SLP#3. D.E. 3-11.  However, the 30-day removal period does not re-start because of a gap in participation.  Once a party fails to remove within the time allotted, it cannot later attempt removal on the same basis as was originally presented to it.  *Lacy v. Mid-Continent Cas. Co.*, 247 F.Supp. 667, 670 (S.D. Tex. 1965).  This rule also applies when a business

---

[4] It can be argued that the suit, as originally filed against MTLB, Inc. d/b/a Sun Loan Company, brought in the entities actually behind the assumed name at that time.  Because of this Court's holdings with respect to the "Sun Loan Company" counter-petition, it need not reach this issue.

entity is misnamed and the name is later corrected. *Bogiel v. Teledyne Industries, Inc.*, 542 F.Supp. 45, 48 (N.D. Ill. 1982). The time to act is when the opportunity for removal first presents itself.

Because "Sun Loan Company" was a party to the case no later than July 18, 2011, SLP#3 and SLC, pursuant to Tex. R. Civ. P. 28, were likewise subject to the state court's jurisdiction and had the obligation to remove within 30 days after the federal claims were added. This case should be remanded on that basis alone.

### B. Misidentification and Relation-Back.

The same result obtains if we, alternatively, treat SLP#3 and SLC as new parties. If being a "new defendant" is an exception to the commencement-at-time-of-original-filing rule under *Werner*, then *Braud* indicates that there is an exception to the exception. That is when there is a misnomer and the "new" party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the "new" party originally. *Braud, supra* at 807-08.

The Plaintiffs' factual recitations in their Motion to Remand (D.E. 8) from which the above timeline was constructed and the additional briefing in their Reply (D.E. 15) indicate that there is a case of misnomer or misidentification in this case. "Plaintiffs contend all Defendants, including the mis-named Defendants, had imputed knowledge of Plaintiffs' RICO claims filed on January 10, 2012 due to their related joint counsel and their self-proclaimed joint familial and business relationships." D.E. 15, p. 2.

Defendants challenge the application of the misnomer exception arguing that the facts may support "misidentification" but do not support "misnomer" and the distinction

is dispositive. D.E. 17. This is incorrect for two reasons. First, as set out above, neither misnomer nor misidentification applies when the involvement of the party is appropriate under the assumed name rule, Tex. R. Civ. P. 28. *Chilkewitz v. Hyson*, 22 S.W.3d, 825, 828-29 (Tex. 1999). Second, even if misidentification rather than misnomer applies under Texas law,[5] a misidentification can be corrected and relate-back if the plaintiff shows: (1) there were two separate but related entities using a similar name; (2) the correct entity had notice of the suit; and (3) the correct entity was not prejudiced by the mistake. *Flour Bluff I.S.D. v. Bass*, 133 S.W.3d 272, 274 (Tex. 2004). While the assumed name rule applies here, the record also contains sufficient evidence under the misidentification rule to allow a correction to relate back.

In their initial Complaint, Plaintiffs sued "MTLB, Inc. d/b/a Sun Loan Company." D.E. 2-1, p. 1. The Plaintiffs intended to sue the entity that was doing business as "Sun Loan Company" in Alice, Jim Wells County, Texas—the "Sun Loan Company" that had granted them credit and was engaging in allegedly unlawful collection efforts. Finding no assumed name certificate in that county, Plaintiffs resorted to the Secretary of State's records to find the entity doing business as "Sun Loan Company." There, they found MTLB, Inc. D.E. 8-1, p. 8; 8-6, p. 21. The two entities, MTLB, Inc. and SLP#3 both did, or purported to do, business as "Sun Loan Company" in Jim Wells County, Texas. The first requirement of separate entities using the same name is met.

---

[5] *Braud* referenced Fed. R. Civ. P. 15(c) in its analysis. However, it did so under the observation that Louisiana law—the state law at issue there—was similar in its misnomer relation-back requirements. Here, Texas law applies and it varies somewhat from the federal misnomer provision.

Counsel explained the relationship among the Defendants in this case:

> . . . the family, Mr. Brundage and his family, own the Sun Loan entities, and they also own Brundage Management Company, and the way that the company is structured, it's been in San Antonio since the 1970s, at least, is the management company for all the Sun Loan branches, . . . so it provides management services and these different entities pay them a management fee to do the accounting, the tax, and HR and things of that nature.
>
> Now the Sun Loan branches are divided into—There's 99 just in Texas, and they're divided into ownership by a number of different entities, and there's an entity that is a defendant in this case called MTLB, Inc., which owns the original San Antonio branch and that's all that it owns, but it was named as the first defendant in this case. There are a series of partnerships: Sun Loan Partnership No. 1, Limited, No. 2, etc., that own the other branches, and what we are dealing with is Sun Loan Partnership No. 3, Limited, which owns 18 branches including the Alice branch, and it's always owned the Alice branch.

D.E. 8-1, p. 4. Other indications in the record of the relationships among the parties include:

* "Sun Loan has been in business since 1988. It is owned by the Brundage family of San Antonio, Texas and has been headquartered in San Antonio since 1988." Defendants' Amended Motion to Abate, D.E. 4-1, p. 2.

* "Sun Loan #3, and the other Sun Loan partnerships, are provided management services by Brundage Management." *Id.*, p. 6.

* "[Thomas] Brundage is the principal owner of the entities that own and operate the Sun Loan Company stores." Defendants' Amended Responses to Plaintiffs' Request for Disclosure, D.E. 4-1, p. 35.

* "BMC [Brundage Management Co., Inc.] does provide management services to all of the Sun Loan locations, including the Sun Loan store in Alice, Texas owned by Sun Loan #3." *Id.*, p. 35.

    * Thomas Brundage is the registered agent for SLP#3 according to its assumed name certificate.  D.E. 5-1, P. 2; 8-6, p. 24.

"Sun Loan Company" was sued.  "Sun Loan Company" filed a counterclaim on the subject Sun Loan Company loan to the Plaintiffs on July 18, 2011.  D.E. 2-4, 2-5.  SLP#3's related individuals and entities—those who ultimately own and operate it, including Thomas Brundage (its registered agent), Brundage Management Co., Inc., and Brundage Family Management Company, LLC—were named as Defendants.  The second requirement that the correct entity had sufficient notice of the suit is met.

  Regarding the third requirement, neither party has addressed any issue of prejudice.  The record of the state proceeding bears no indication that, because of the misidentification, SLP#3 and SLC have been deprived of any rights.  Texas law regarding the correction of misidentifications applies to eliminate any statute of limitations issue.  *Flour Bluff I.S.D.*, *supra*; *Chilkewitz, supra* at 830.  And "Sun Loan Company" did begin to actively participate in the case no later than July 18, 2011.  Any argument that they were inconvenienced by the Plaintiffs' failure to name SLP#3 and SLC as defendants is certainly offset by their knowledge of the mistake, by their failure to timely register their assumed name, and by allowing "Sun Loan Company" to interpose a counterclaim as the proper party.

  By correcting the misidentification, the addition of SLP#3 and SLC relates back to the initial filing of this lawsuit.  As a result, their deadline for removal was thirty days after the addition of federal claims—February 13, 2012.  Because this removal was filed over a year later, on March 26, 2013, it is not timely.

## CONCLUSION

For the reasons set out above, the Court concludes that SLP#3 and SLC were parties to this case prior to the effective date of the FCJVCA or, alternatively, that their addition relates-back to the filing of this case against MTLB, Inc. d/b/a Sun Loan Company pursuant to the misidentification law of Texas. Consequently, this case was "commenced" prior to the effective date of the FCJVCA and the time for filing a removal of this case expired thirty days after the Plaintiffs amended their pleading to include federal questions—on February 13, 2012. Because of these rulings, the Court does not reach Plaintiff's arguments that: (1) the removal is one day late because of the manner of service on SLP#3 and SLC; and (2) the other Defendants do not have the capacity to consent to removal. The Court GRANTS Plaintiffs' Motion to Remand (D.E. 8) and DENIES Plaintiffs' Motion for Attorney Fees and Costs (D.E. 8). This case is remanded to the 79th District Court of Jim Wells County, Texas, the court from which it was removed.

ORDERED this 6th day of June, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE